# Traweek *v.* Hagler.

### Assumpsit.

(Decided February 1, 1917. Rehearing denied May 17, 1917.
75 South. 156.)

1. **Appeal and Error; Assignments of Error; Single Demurrer to Several Pleas.**—Where demurrer is interposed to several pleas, if any one of the pleas was not subject to the grounds specified as to it, assignment of error to the overruling of the demurrer cannot be sustained.

2. **Assumpsit, Action of; Answer; Pleading; Sufficiency.**—In assumpsit, defendant's plea that he was not indebted to plaintiff in any sum whatever, though technically inapt, is in effect a plea of general issue, and demurrer thereto on the ground that "it is no more than the general issue" was properly overruled.

3. **Executors and Administrators; Actions; Pleading; Sufficiency.**—In administrator's action in assumpsit, where plaintiff's replication to plea of

[Traweek v. Hagler.]

set-off was that the claims therein made had never been filed against the estate of his intestate, as required by Code 1907, § 2589, and that more than 12 months had elapsed between the grant of letters and the beginning of the suit, a rejoinder "that at the time the money was paid which is sought to be recovered, defendant's claims were not barred by the statute of nonclaim" was insufficient, since it failed to show that defendant was lawfully entitled to demand the payment.

4. **Executors and Administrators; Filing Claims; Requisites and Sufficiency.**—To preserve a specific lien upon intestate's property, it is not necessary to file with the personal representative a claim for the debt which supports the lien; but to preserve the debt as a charge upon the intestate's general estate, such a filing is necessary.

5. **Appeal and Error; Scope of Review; Harmless Error.**—In assumpsit where defendant's rejoinder to replication to his answer and set-off was insufficient and was demurred to, error in overruling the demurrer was harmless, where the court did not find for defendant on the plea of set-off, but only because plaintiff on the evidence was not entitled to recover.

6. **Payment; Recovery; Mistake of Fact.**—Though money paid under a mistake of fact, though paid voluntarily, may be recovered under the common counts, such is not the rule where the payor has derived a substantial benefit, or the payee received the payment in good faith in satisfaction of an equitable claim, especially when the payee's situation has been unfavorably altered.

7. **Assumpsit, Action of; Character of Action; "Equitable Action."**—General assumpsit for money had and received is an "equitable action," and admits of equitable defenses.

8. **Payment; Recovery; Mistake of Fact.**—A mistaken conclusion drawn by a party from the known terms of a contract is not of fact, but of law, and money voluntarily paid in consequence thereof cannot be recovered.

APPEAL from Tuscaloosa County Court.

Heard before Hon. HENRY B. FOSTER.

Assumpsit by P. B. Traweek, individually, and as administrator, against Sallie A. Hagler. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals under section 6, Act 1911, p. 449. Affirmed.

The action is for money had and received by defendant to the use of plaintiff, which was paid by plaintiff to defendant by mistake of fact. Besides pleas of the general issue and a plea of set-off, special pleas were filed as follows:

(A) For further plea defendant says that the allegations of the complainant are untrue, but that for the purpose of this case, granting that they are true, plaintiff is estopped from claiming and recovering said amount because of the following facts: The said money so paid to defendant was the proceeds of real estate which defendant had sold to plaintiff's intestate, and upon which he held a valid purchase-money mortgage, and

[Traweek v. Hagler.]

parts of which property were by her released to plaintiff by reason of the payment which is sought to be recovered back, and the amount paid was applied by defendant upon the said mortgage indebtedness.

(B) Defendant further pleads that plaintiff ought not to recover said money, for the reason that the same is the proceeds of sale of certain real estate, which defendant had sold to plaintiff's intestate on a credit, and had retained a purchase-money mortgage on said property, upon which mortgage default had been made, and the property sold under the power of said mortgage, and the said money so paid, together with the amount for which the remainder of said property was sold, does not amount to as much as was due on said mortgage indebtedness; the said money, being the proceeds of defendant's own property, should in equity and good conscience be applied to plaintiff's debt to defendant for all this said land.

Demurrers to these pleas were overruled, which rulings are jointly assigned for error in a single assignment. The assignments of error include also a number of rulings on the evidence, the rendition of judgment for defendant by the court sitting without a jury, and the refusal of the court to grant a motion for new trial.

H. L. SMITH and TRAWEEK & DODSON for appellant. VERNER & RICE and G. R. BEALLE for appellee.

SOMERVILLE, J.— (1, 2) The first assignment of error is that the trial court erred in overruling the demurrers to pleas 3, 4, A and B. If any one of these pleas was not subject to the grounds specified as to it, the assignment of error cannot be sustained. Plea 3—that defendant is not indebted to plaintiff in any sum whatever—though technically inapt in assumpsit, is in effect a plea of the general issue, and the only ground of demurrer thereto is that "it is no more than the general issue." There was manifestly no error in overruling such a demurrer, and it follows that the entire assignment of error must fail. Moreover, the grounds of demurrer assigned to the other pleas are but general in character, and do not meet the requirements of the statute (Code, § 5340) as to the specification of defects apparent in the pleas, if there be any.

(3, 4) By way of replication to defendant's plea of set-off, plaintiff pleaded that the claims therein mentioned had never

[Traweek v. Hagler.]

been filed as claims against the estate of his intestate as required by Code, § 2589, and that more than 12 months had elapsed between the grant of letters and the beginning of this suit. As a rejoinder to this replication, defendant pleaded "that at the time said money was paid, which is here sought to be recovered back, the defendant's claims were not then barred by the statute of nonclaim." This was manifestly not a good rejoinder, because, as pointed out by the demurrer, it failed to show that defendant was lawfully entitled to demand the payment to her of the money claimed. So far as the preservation and enforcement of a specific lien upon an intestate's property is concerned, it is certainly not necessary to file with the personal representative a claim for the debt which supports the lien. But in order to preserve the debt as a charge upon the intestate's general estate, such a filing is necessary.—*Duval v. McLoskey,* 1 Ala. 708, 744, 745; *Smith v. Gillam,* 80 Ala. 296, 300. We think, therefore, that the trial court erred in overruling the demurrer to this rejoinder.

(5) It is patent, however, from the judgment entry, that the trial court did not find for the defendant on her plea of set-off, but only because, upon the evidence, the plaintiff was not entitled to recover the money claimed by him. We will not therefore reverse the judgment for this immaterial error.

The plaintiff's testimony shows that, in the redemption by him, under the provisions of the mortgage, of certain platted parcels of the mortgaged land, he paid to the mortgagee, the defendant, $440 in excess of the amount required for that purpose by the terms of the mortgage; and he states that he paid this alleged excess under a mistaken interpretation of the language of the mortgage in its classification of values of separately redeemable lots. It appears that there was a good deal of argument and a full discussion between plaintiff and defendant's attorney as to the amount that ought to be paid for the written release to be given by defendant of certain lots covered by the mortgage, and it appears from the mortgage itself that at the time this redemption was sought, June 3, 1915, a considerable sum of annual interest must have fallen due on the mortgage debt, besides the note for $2,000, which fell due on March 10th preceding. The release recites that it is given "for and in consideration of the sum of $2,090 to me in hand paid," etc., and stipulates that the money paid is to be applied on the mortgage

[Traweek v. Hagler.]

debt.   As to this, the defendant testifies that it was so applied, and it appears that all of the money was derived from the sale of the released lots.

(6, 7) It is of course well settled that money paid under a mistake of fact, though paid voluntarily, may be recovered in an action on the common counts.

But there are several exceptions to the rule, and it is generally held that such a payment cannot be recovered where the payer has derived a substantial benefit from the payment, nor where the payee received it in good faith in satisfaction of an equitable claim.—30 Cyc. 1316, 2, and cases cited.   This would be especially true where, as here, the payment has furnished the specific inducement to some affirmative action by the payee, whether otherwise obligatory or not, whereby his situation has been unfavorably altered.   These are matters of equitable rather than of legal cognizance, but general assumpsit for money had and received is an equitable action (*P. & M. Ins. Co. v. Tunstall,* 72 Ala. 142) and admits of equitable defenses.

(8) But, apart from these considerations, it seems to be a correct view of the law that a mistaken conclusion drawn by a party from the known terms of a contract is not a mistake of fact, but rather a mistake of law, and that money voluntarily paid in consequence of such a mistake cannot be recovered.—30 Cyc. 1318b, citing *Cincinnati v. Cincinnati Gas, etc., Co.,* 53 Ohio St. 278, 41 N. E. 239.

Applying these principles to the evidence before the trial court, we think it was justified in rendering judgment for the defendant.

In view of the issues made by the pleadings, we think there was no prejudicial error in any of the rulings of the court on the evidence.   Practically all of the questions propounded to plaintiff by his counsel which were at first excluded were afterwards answered fully by him; and the amount overdue on the mortgage at the time of the transaction in question was material to the issues.   But the matters complained of would not, in any case, have controlled or directed the result.

The judgment will be affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.