154 So.2d 661

**Patricia Anglin WOOD**

v.

**James F. WOOD.**

**6 Div. 903.**

Supreme Court of Alabama.

May 30, 1963.

Jerry O. Lorant and Geo. J. Bouloukos, Birmingham, for appellant.

**306**

Beddow, Embry & Beddow, Birmingham, for appellee.

SIMPSON, Justice.

Appeal by the complainant from a decree of the Circuit Court of Jefferson County, in Equity, denying full relief on a "Petition to Determine Exact Amount of Arrearage and Revival of Judgment".

The parties to this appeal were divorced, November 16, 1945. The decree, *a vinculo matrimonii,* among other things provided:

"B: That the Respondent pay to the Complainant the sum of Six ($6.00) Dollars per week for the support and maintenance of the aforesaid minor child, and in addition thereto shall purchase all of the necessary clothing for said child."

Appellee made no payments under the decree nor did he purchase the necessary clothing for the child, after January 1, 1946. Appellant sought by this present action to collect the sum of $10,320.00 which represents the $6.00 per week payments, a clothing allowance, and interest on the total claimed. The decree, below, fixed the accrued arrearage in the sum of $3,477.-00, ordering appellee to pay appellant $100.-00 a month until the liquidation of the arrearage, or at appellee's option any greater sum per month until the arrearage was satisfied.

The facts of this case are undisputed, with the exception of the so-called "clothing allowance" sought by appellant, which is not governed by the same rule as the fixed weekly installments. The unascertained clothing allowance is not a final judgment and may be disallowed in the discretion of the trial court.

Appellee moved to Pennsylvania some four months after the divorce, remaining there until 1958, at which time he returned to Alabama. Their son was just finishing Riverside Military Academy in Georgia when appellee returned to Alabama. Appellant had worked at the school and sent the son through to graduation. The son is presently in the navy and is self-sufficient. At no time prior to this suit had any court action been instituted by appellant to enforce the child support payments, nor did appellee ever seek a modification of the decree. It did appear, however, that appellant sought the aid of the juvenile court

in Birmingham and attempted to obtain counsel in Georgia and Pennsylvania to enforce payments.

The questions arising on this appeal can be determined by the consideration of one issue, viz., does the equity court have the power to retroactively modify accrued arrearages of child support payments due under a decree of divorce *a vinculo matrimonii?*

Our cases clearly enunciate the rule that installment payments decreed in a divorce for support and education of the minor child of a marriage become final judgments as of the dates due and may be collected as other judgments. Armstrong v. Green, 260 Ala. 39 (Rehearing Op., p. 45), 68 So.2d 834, 839. And installments which mature before a petition to modify is filed are immune from change. Scott v. Scott, 265 Ala. 208, 90 So.2d 813, and cases cited. Such is the status of the accrued weekly payments during the minority of the child, while not self-supporting.

Appellee relies strongly on the language of Atkinson v. Atkinson, 233 Ala. 125, 170 So. 198 as supportive of the decree of the lower court. While somewhat persuasive, we do not find it controlling on the case at bar. There the Court was dealing with separate maintenance granted a wife in a decree of divorce *a mensa et thoro,* which the Court took great pains to distinguish from an absolute divorce or *a vinculo matrimonii.* Our Court has not, however, distinguished child support payments from alimony in decrees of absolute divorce. Authorities, supra.

There is force behind the rule, since such a decree or judgment will not be enforcible in the Courts of our sister states unless the judgment is final or not subject to modification as to those payments accrued. In other words, a judgment subject to modification is not final, and the Courts of a sister state are not bound to afford the judgment full faith and credit under the United States Constitution. Green v. Green, 239 Ala. 407, 198 So. 549; Sistare

v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L. Ed. 905.

We are not altogether pleased with the conclusion here attained, because the facts present a strong appeal for sympathy, but in the face of the unswerving judicial precedents adverted to above we are left under no alternative but to order a reversal of the decree. Perhaps the Legislature in its wisdom might enact some remedial legislation for future cases. This case brings squarely into focus a probable inequity, the correction of which is more properly addressed to the Legislature than to the courts.

The decree is, therefore, reversed and the cause remanded to the lower court for further proceedings consistent with this opinion.

Reversed and remanded.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.