211 So.2d 799

**Wynelle S. DODD**

v.

**Mrs. Mack Docia LOVETT et al.**

6 Div. 413.

Supreme Court of Alabama.

May 2, 1968.

Rehearing Denied June 20, 1968.

———◆———

T. J. Carnes, Albertville, Walter I. Barnes, Gadsden, for appellant.

Dempsey F. Pennington, Birmingham, for appellee.

HARWOOD, Justice.

On 10 June 1930, Estelle B. Shaddix was granted a "total divorce" from W. L. Shaddix by the Superior Court of Fulton County, Georgia. The decree provided that W. L. Shaddix pay to Estelle Shaddix $75.00 per month alimony until she should remarry, and $50.00 per month for the support of Connel Shaddix and $50.00 per month for the support of Wynelle Shaddix, minor children of the parties, the support payments to the children to continue until each shall reach 18 years of age.

After the divorce W. L. Shaddix moved to Birmingham, Alabama. He married again, and two children were born of this marriage.

In November 1959, Estelle Shaddix, the former wife of W. L. Shaddix, died intestate in Fulton County, Georgia.

W. L. Shaddix died in Birmingham, Alabama, on 24 October 1965, leaving a last will and testament in which Mrs. Mack Docia Lovett, his sister, was named as executrix.

Under the terms of his will, W. L. Shaddix bequeathed $100.00 to each of his children of the first marriage, "they being well off financially."

His second wife having predeceased him, Mr. Shaddix left the rest of his property to his two minor children by his second marriage.

On 15 December 1965, on the petition of Mrs. Mack Docia Lovett, the instrument purporting to be the last will and testament was admitted to probate by the Probate Court of Jefferson County, Alabama.

On 7 February 1966, Mrs. Wynelle S. Dodd, a child of the first marriage, was appointed administratrix of her mother's estate by the Court of Ordinary of Fulton County, Georgia.

Mrs. Dodd, as such administratrix, then filed a claim against the estate of W. L. Shaddix in the amount of $37,340.00, together with interest, being the amount of the accrued payments alleged to be due under the divorce decree of 1930. In support of this claim there was attached a "Certificate of Judgment" reciting the rendition of the decree of divorce proceedings between Estelle B. Shaddix and W. L. Shaddix. The "Certificate of Judgment" sets forth the terms of the decree.

Mrs. Mack Docia Lovett, as executrix of the last will and testament of W. L. Shaddix, filed a denial of the claim.

The administration of the estate of W. L. Shaddix having been removed from the Probate Court of Jefferson County, Alabama, to the Circuit Court of Jefferson County, Alabama, in Equity, a hearing was had upon the claim. Thereafter, the Chancellor hearing the cause entered a decree denying the claim. In parts pertinent to this review the decree reads as follows:

"One of the grounds of contest set out in the "Answer" to claimant's claim was that claimant was seeking to enforce the decree of a foreign Court without first reducing said claim to a money judgment. There is no showing in the record of this case of any money judgment (either by revivor, by scire facias or by the common-law civil action) by a Court of this state founded upon said claim of claimant. Therefore, the Court must hold, as a matter of law, that the decree of the Georgia Court, which is made the basis of the claim of claimant, has no validity. It is unnecessary, therefore, (authority of Gant v. Gilmer, 245 Ala. 686, 18 So.2d 542, and allied cases) for the Court to consider or treat the other grounds of contest as set forth in the pleadings."

From this decree Wynelle S. Dodd, as administratrix of the estate of Estelle Shaddix, perfected an appeal.

In argument in brief counsel for appellant asserts that for the lower court to state that the Georgia decree has no validity "is to defy the full faith and credit

clause of the Constitution of the United States."

It is clear to us from the language of the decree that the court was concerned principally with the enforceability of the Georgia decree as presented in the procedure before him, rather than with the prima facie validity of the decree. Concededly, its prima facie validity as a Georgia decree was shown by the record. If the decree cannot be enforced in proceedings to establish it as a claim against the estate of W. L. Shaddix, then its inherent validity as a valid decree in Georgia is of no importance, but only its enforceability in the proceedings below.

It must be remembered that we are not now concerned with a direct action to establish the Georgia decree in Alabama, but rather with an attempt to indirectly have a Georgia decree affect the administration of an estate in Alabama and the distribution of that estate.

In Lynde v. Lynde, 181 U.S. 183, 21 S.Ct. 555, 45 L.Ed. 810 (1901), a case dealing with the enforcement of a decree of alimony rendered by the court of another state, the Supreme Court of the United States wrote:

"By the Constitution and the act of Congress requiring the faith and credit to be given to a judgment of the court of another state that it has in the state where it was rendered, it was long ago declared by this court: 'The judgment is made a debt of record, not examinable upon its merits; but it does not carry with it, into another state, the efficacy of a judgment upon property or persons, to be enforced by execution. To give it the force of a judgment in another state, it must be made a judgment there, and can only be executed in the latter as its laws may permit.' M'Elmoyle [for Use of Bailey] v. Cohen, 13 Pet. 312, 325 [38 U.S. 312], 10 L.Ed. 177; Thompson v. Whitman, 18 Wall. 457, 463 [85 U.S. 457], 21 L.Ed. 897, 899; [State of]

Wisconsin v. Pelican Ins. Co. 127 U.S. 265, 292, 32 L.Ed. 239, 244, 8 Sup.Ct. Rep. 1370; Bullock v. Bullock, 51 N.J. Eq. 444, 27 Atl. 435, and 52 N.J.Eq. 561, 27 L.R.A. 213, 30 Atl. 676."

In 1946 in Griffin v. Griffin, 327 U.S. 220, 66 S.Ct. 556, 90 L.Ed. 635, the United States Supreme Court held that a judgment for arrearages of accrued alimony, entered without notice of any kind to the husband, is violative of due process where the effect thereof is to deprive him of defenses he might have set up as to the entry of the judgment for arrearages.

In the present case at no time after the decree awarding her alimony did Estelle B. Shaddix, the first wife take any steps during her life toward collecting any of the alimony payments, a period of about twenty-nine years, nor was any such action taken after the death of Estelle B. Shaddix in 1959, although there is no evidence that any of the alimony installments were paid. It follows as a matter of course that no notice was ever given to W. L. Shaddix, nor to his personal representative, of any action to collect the accrued installments of alimony, and hence no opportunity was afforded to present any defenses to such an action.

In Nelson, Divorce and Annulment, 2nd Ed., 1961 Revision, Sec. 16.43 p. 481, it is stated in reference to the collection of accrued alimony installments:

"The usual procedure is to apply to the court which rendered the decree or order to transmute it into a money judgment * * * for amounts due up to the time of the application thus making the liability absolute and providing the basis for suit in another state or county on a fixed and certain obligation.

"Actions on alimony and support awards are most commonly brought with respect to awards under foreign decrees, because it is necessary to reduce them to judgment locally before they can be enforced."

In Keezer on Marriage and Divorce (Morland) 3rd Ed., Sec. 677, it is stated:

"As a rule it is considered that no decree of a foreign court can operate directly upon property in another jurisdiction and cannot make any direct change of property rights, such as dower or distribution."

In Miles v. Gay, 280 Ala. 131, 190 So.2d 686, it was held that under Secs. 584 and 585, Tit. 7, Code of Alabama 1940, a lien for periodic installment payments of alimony awarded under an Alabama decree could be acquired only by a judicial ascertainment and declaration of the amount of past due installments and filing a proper certificate showing such a judgment or decree.

The filing of a lawful claim against an estate creates a charge upon the deceased's general estate. Traweek v. Hagler, 199 Ala. 664, 75 So. 156. The determination of a contest of claim filed against an estate, as provided in Sec. 216, Tit. 61, Code of Alabama 1940, does not lead to a monied judgment, since Sec. 216, supra, was not intended as a substitute for a civil action which might lead to the rendition of a monied judgment. Merchants National Bank of Mobile v. Cotnam, 250 Ala. 316, 34 So.2d 122.

By analogy, the doctrine of Miles v. Gay, supra, would deny the enforcement of an Alabama decree providing for periodic payments of alimony until the accrued installments had been transmuted into a monied judgment for an amount certain. No greater effect need be given a decree of a sister state than is given a decree of this state. Johnson v. Johnson, 196 S.C. 474, 13 S.E.2d 593, 134 A.L.R. 318. See also Nelson, Divorce and Annulment, 2nd Ed., Vol. 3, Sec. 33.53.

We hold therefore that for a decree for alimony, as to accrued installments to be given effect in this state, it must be reduced to a judgment in this state for a sum certain by appropriate proceedings brought for that purpose.

The decree of the lower court is due to be affirmed, and it is so ordered.

Affirmed

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ. concur.