227 So.2d 430

**Meta Latuille O'NEAL**

**v.**

**J. Paul O'NEAL.**

**4 Div. 326.**

Supreme Court of Alabama.

Oct. 9, 1969.

Jenkins, Cole, Callaway & Vance, Birmingham, for appellant.

W. H. Baldwin, Andalusia, for appellee.

SIMPSON, Justice.

The parties to this appeal were divorced by a decree entered October 27, 1947, later modified by decrees dated January 4, 1955 and July 9, 1959. The 1947 decree provided the appellee would pay $150.00 per month as support for a minor child and $100.00 per month as alimony to the appellant. The appellee was required to provide the child with a college education and upon exercise of that responsibility the monthly support

payment of $150.00 would cease and the alimony would "automatically be increased to $200.00 per month".

As pertains to these monetary obligations of the appellee, the 1959 decree provided that "the sum of $200.00 per month remains in effect but shall not become effective until such time as the child reaches the point where he requires advanced education and enters college". The child entered college on September 2, 1962.

Following the 1959 decree the appellee made $100.00 payments to the appellant by checks bearing the legend "Endorsement constitutes acceptance of alimony in full to date". The amount was not increased to $200.00 in 1962, but continued at $100.00 until 1967 when writs of garnishment were sued out to collect the difference.

The appellee moved to dissolve garnishment writs obtained by the appellant to enforce collection of the arrearage. He also petitioned to modify the decree to eliminate the provision for alimony. The appellant petitioned to have the alimony of $200.00 per month increased to a more reasonable sum. The decree appealed from quashed the garnishment writs on the basis of no indebtedness and modified the decree to reduce the alimony payments from $200.00 monthly to $150.00.

■ The appellant contends each monthly alimony obligation of $200.00 became a judgment against the appellee to the extent of the difference of $100.00. We agree, and as said in Rochelle v. Rochelle, 235 Ala. 526, 179 So. 825, " * * * it is a fixed moneyed judgment, as to past-due installments, which can only be discharged as any other such judgment."

Yet, the appellee contends and the trial court found that the appellant's acceptance without objection of the $100.00 checks with the provision as to endorsement, was a waiver of any unpaid alimony due when each check was presented for payment.

■ A judgment is the proper subject of an accord and satisfaction. Zorn v. Lowery, 236 Ala. 62, 181 So. 249. For payment of a lesser amount to operate as a satisfaction of a debt or judgment, there must be a bona fide dispute as to the amount due, or an independent consideration, or written agreement, or a surrender of the evidence of the debt. McCoy v. Wynn, 215 Ala. 172, 110 So. 129. The endorsement provision on appellee's checks met none of these requirements. There was no accord between the parties.

■ There can be no waiver without the intentional relinquishment of a known right. State Farm Mutual Automobile Ins. Co. v. Hubbard, 272 Ala. 181, 129 So.2d 669. Aside from the notation on the $100.00 checks, there was no mention between the parties of the requirement for alimony of $200.00. We find no evidence to support a finding that the appellant intended to waive her right to the full $200.00 per month.

The trial court found the appellant disabled from pursuing gainful employment and received testimony from the appellee, a practising physician, that he suffered from arthritis which would become progressively worse. As to appellee's financial condition, the evidence was that his income increased each year after 1959.

■ The health of both appellant and appellee is a proper fact for consideration as to whether there should be a modification to terminate, decrease, or increase provisions for alimony. But here the evidence is clear that the appellee's financial ability has steadily improved. This alone is not sufficient to justify an increase in the award to the appellant, but absent other compelling evidence this fact is the antithesis of a change in circumstances warranting a reduction from $200.00 to $150.00 per month. Johnson v. Johnson, 277 Ala. 126, 167 So.2d 688.

The decree appealed from must be reversed and the cause remanded for entry of a decree consistent with this opinion. With the parties before the court, the arguments

as to the propriety of the garnishment procedure may be resolved by the court in a manner to enable the appellant to collect the amount to which she is due.

Reversed and remanded.

MERRILL, COLEMAN, BLOODWORTH, and MADDOX, JJ., concur.