349 So.2d 1 (1977)
Robyn C. ANDREWS
v.
CITY NATIONAL BANK OF BIRMINGHAM, a National Banking Institution.
SC 1968.
Supreme Court of Alabama.
June 3, 1977.
Rehearing Denied August 12, 1977.
Ben L. Zarzaur and Rodney A. Max of Denaburg, Scholl, Meyerson & Ogle, Birmingham, for appellant.
Clifford M. Spencer, Jr. of Pritchard, McCall & Jones, Birmingham, for appellee.
BEATTY, Justice.
This is an appeal from an order of the Jefferson County Circuit Court allowing the garnishment of alimony payments. We affirm.
In January, 1972 the Circuit Court of Jefferson County issued a decree granting a divorce to Ms. Robyn C. Andrews. The decree provided for substantial periodic alimony and child support payments. Ms. Andrews executed a guaranty agreement in June, 1972 to City National Bank of Birmingham which provided for her personal guaranty on all future indebtedness of El Burrito, Inc. arising out of rediscounts or endorsements. Thereafter, in 1974, Ms. Andrews, as president of El Burrito, Inc., signed two promissory notes payable to the City National Bank of Birmingham. When these notes were not discharged according to the agreement, judgment was entered by the trial court against Ms. Andrews for the unpaid balance of $59,331.84 plus costs and attorneys fees.
The plaintiff, City National Bank of Birmingham, then issued a writ of garnishment against Ms. Andrews' former husband for the alimony payments due. The garnishee, Mr. Andrews, answered the garnishment as "not" indebted. Subsequently, the circuit court held that the alimony payments due by Mr. Andrews to defendant, Ms. Andrews, were subject to garnishment when they become due and payable. From this order appeal was taken by Ms. Andrews.
The question presented here is whether alimony is subject to garnishment.
The defendant argues on appeal that alimony is not a debt and therefore is not subject to garnishment. In support of this argument, the defendant cites Ryan v. Ryan, 271 Ala. 243, 123 So.2d 102 (1960), *2 which held that alimony is not a debt due from the husband to wife within the meaning of Tit. 7, § 350, Alabama Code, the set-off statute. But that decision cannot be interpreted to prohibit a creditor from collecting upon a judgment by garnishment.
The appellant also cites Thompson v. Thompson, 282 Ala. 248, 210 So.2d 808 (1968), which held that alimony is not a debt within the meaning of Sec. 20 of the Alabama Constitution of 1901. That case stated only that alimony is not a debt for purposes of that constitutional section. The reason underlying the decision that alimony is not a debt within the constitutional prohibition for imprisonment for a debt is that alimony involves the element of sustenance and support of the wife. In trying to escape the prohibition of imprisonment for a debt, the courts have held that alimony is not a debt.
We need not address ourselves to this question, however, in view of our finding that the liquidated alimony here may be reached by garnishment as upon a judgment under Tit. 7, § 995, Alabama Code (Recomp.1958). That statutes states:
A garnishment, as employed in this Code, is process to reach and subject money or effects of a defendant in attachment, or in a judgment or decree, or in a pending suit commenced in the ordinary form, in the possession or under the control of a third person, or debts owing such defendant, or liabilities to him on contracts for the delivery of personal property, or on contracts for the payment of money which may be discharged by the delivery of personal property, or on contracts payable in personal property; and such third person is called the garnishee. (Emphasis supplied.)

The alimony due here represents a liquidated sum of money. Although appellant argues in brief that alimony payments are not certain since they can be modified, this Court has held that installment payments awarded in divorce decrees and which mature before the petition to modify is filed are immune from change. Wood v. Wood, 275 Ala. 305, 154 So.2d 661 (1963). Further, when a non-resident divorced wife comes into Alabama to recover liquidated alimony payments, her proper action, based upon the decree, lies in debt. Ives v. Ives, 247 Ala. 689, 26 So.2d 92 (1946).
In Schooley v. Schooley, 184 Iowa 835, 169 N.W. 56 (1917), the Iowa court wrote to the question of whether alimony results from a contract:
And yet marriage is a civil contract between the parties, a contract which implies an obligation for support, and it is in recognition of such implied contract that alimony is allowed. It remains unliquidated, however, until the court has fixed it by judgment, but thereafter it would seem that it must be regarded as a debt by contract as well as by judgment. (Emphasis supplied.)

The marriage contract, which is an implied contract to support the spouse, will give rise to a debt upon the granting of alimony, and this debt, which becomes a final money judgment as to past-due installments, can be discharged as any other such judgment. O'Neal v. O'Neal, 284 Ala. 661, 227 So.2d 430 (1969).
In the case of Carnes v. Shores, 55 Ala. App. 608, 318 So.2d 305 (1975) the Court of Civil Appeals held that an attorney could intervene and prosecute an abandoned action in which the spouse had sought to determine and collect liquidated alimony. There, he sought to enforce his attorney's lien for services rendered. That Court observed:
. . . There was a judgment already in existence for monthly alimony. Divorce had been completed. The action here was for the purpose of enforcing the previous judgment which had become final. Payments already due under a decree for alimony represent a final judgment and are collectible as such. . .

Appellant's petition to intervene and prosecute the suit to a conclusion in this case is no different in principle than any other "suit for money," as stated in the statute. . . (Emphasis supplied.)

*3 The controversy here is very similar to Carnes v. Shores, supra, and it should be viewed as an action to enforce a money debt which is based upon a final judgment.
Because appellant has been granted a final judgment in the form of a divorce decree and there are alimony payments due and payable under that judgment, the appellee bank should be allowed to proceed under Tit. 7, § 995, Alabama Code (Recomp. 1958).
AFFIRMED.
FAULKNER, SHORES and EMBRY, JJ., concur.
BLOODWORTH and ALMON, JJ., concur specially.
JONES, J., dissents, with whom MADDOX, J., concurs.
BLOODWORTH, Justice (concurring specially).
I concur insofar as the holding is that past-due installments of alimony are "judgments" and, as such, are reached by the bank's writ of garnishment. Such "judgments" are not judgments for all purposes. See Dodd v. Lovett, 282 Ala. 383, 211 So.2d 799 (1968); Miles v. Gay, 280 Ala. 131, 190 So.2d 686 (1965).
ALMON, J., concurs.
JONES, Justice (dissenting):
I respectfully dissent. I find that the point of difference between my views and those of the majority of the Court is a very narrow one, but that point of difference takes us to two diametrically opposed results. An explanation of the similarity of our thinking, on the one hand, and how we arrive at totally different results, on the other hand, is in order.
We will begin by an examination of the majority opinion. The issue on which the contest between the parties was drawn was whether alimony is a debt, and thus subject to garnishment. In spite of this, the explicit basis for the majority holding, affirming the order of attachment, is that alimony constitutes a final judgment, and it is the term "judgment," as that term is used in the garnishment statute, on which the holding is grounded. The majority has carefully (and, in my opinion, correctly) avoided the use of the term "debt," as that term is used in the garnishment statute, in allowing alimony to be attached.
By using the "final judgment" rationale, rather than by answering the inquiry, "Is alimony a debt?", the majority has avoided either overruling or distinguishing a long line of Alabama cases that have dealt with alimony in the "debt" context. See, e. g., Thompson v. Thompson, 282 Ala. 248, 210 So.2d 808 (1968); Ryan v. Ryan, 271 Ala. 243, 123 So.2d 102 (1960); Ex parte Stephenson, 252 Ala. 316, 40 So.2d 716 (1949); Murray v. Murray, 84 Ala. 363, 4 So. 239 (1887). These cases stand steadfastly for the proposition that alimony is not merely a debt.
As Mr. Chief Justice Stone said in Murray, marriage is more than a contract and the relationship between spouses is more than a contractual one. Consider this Court's reasoning in LeMaistre v. Baker, 268 Ala. 295, 105 So.2d 867 (1958):
". . . the word alimony comes from the Latin alimonia, meaning `sustenance', and, as applicable here, the sustenance or support of the wife by her divorced husband. `It stems from the common-law right of the wife to support by her husband, which right, unless the wife by her own misconduct forfeits it, continues to exist even after they cease to live together. Alimony has as its sole object the support of the wife, and is not to be considered a property settlement upon a dissolution of the marriage.' (Emphasis supplied.) Eaton v. Davis [176 Va. 330, 10 S.E.2d 893, 897 (1938)]."
Thus, an obligation owed by a spouse through alimony is a higher and more serious obligation than a mere debt. Its sole object is for the continued support of the former spouse and it is not a property settlement. Alimony may not be discharged in bankruptcy (In re Avery, 114 F.2d 768 (6th Cir. 1940)), and the failure to pay alimony *4 may result in imprisonment. Thompson v. Thompson, supra.
The Bank urges this Court to adopt the inference by way of dictum in Ryan v. Ryan, 271 Ala. 243, 123 So.2d 102 (1960), which contains the following statement:[1]
"The courts which created this fund [alimony] should see that it is not subjected to the payment of preexisting debts, whether claimed by the husband or by some third party." (Emphasis added.)
I agree with the majority opinion in the case of Ex parte City National Bank of Dothan, Ala., 350 So.2d 333 [1977],[2] to reject this dictum for two reasons:
1. The rationale for the distinction between a debt incurred before the divorce and a debt incurred after the divorce is grounded on the presumption that an afterincurred obligation would necessarily take into account the creditor's reliance upon the alimony as the means for payment. See Fickel v. Granger, 83 Ohio St. 101, 93 N.E. 527 (1910). This is a hypothetical fiction if applied as a matter of policy in every case. Indeed, the facts of the instant case speak strongly against such a presumption as a matter of law. Although the debt was incurred after the divorce, it was incurred as a business obligation of El Burrito, Inc., of which Ms. Andrews was president. Her individual obligation arose when the Bank required her personal endorsement upon a subsequent extension of the bank note. At any rate, such an assumption would accept as true a fact which in many cases would be untrue. We are not persuaded that public policy requires this Court to adopt this hypothetical fiction.[3]
2. The second reason I would reject the before and after distinction is that the basis for the holding in Ryan that alimony does not comport with the garnishment statute definition of debtdoes not change its complexion when applied to the after-incurred obligation. That is to say, whether the debt was incurred by the wife before the divorce or after the divorce in no way alters the nature of the statutory obligation of alimony nor the statutory authorization for garnishment.
The foregoing discussion disposes of what the majority opinion does not use as the basis for its holding. The sole basis for allowing alimony to be subjected to garnishment proceedings, as I understand the majority opinion, is that alimony represents a final judgment. The difficulty with this rationale lies in the fact that the record before us does not disclose that any funds ordered attached by virtue of the garnishment statute represented past-due alimony. Alimony which is currently and timely paid never acquires the status of a final judgment. See Fletcher v. Fletcher, 56 Ala. App. 492, 323 So.2d 379 (1975). (It should also be noted that, contrary to the general rule, before a decree of alimony of a sister state will be given effect as to accrued installments, it must be reduced to judgment for a sum certain by appropriate proceedings brought for that purpose. Dodd v. Lovett, 282 Ala. 383, 211 So.2d 799 (1968)).
If alimony is not a debt, as that term is used in the garnishment statute (and I agree that it is not), and the alimony is currently paid, thus not becoming a final judgment, then this statutory basis for garnishment is lacking and the order of the trial Court, upholding the writ of garnishment, is due to be reversed.
I have no philosophical disagreement with the majority that Ms. Andrews ought to pay her legal debts. The Bank has a valid and final judgment on the note executed by her, but we are not here dealing *5 with the common law in either aspect of the problem. Both alimony and garnishment are exclusively statutorily governed. One example will serve to illustrate the point: The legislature has seen fit to limit the extent to which wages may be subjected to garnishment. In declaring alimony subject to garnishment, 100% of the alimony would be withheld for the discharge of the debt. If public policy requires that alimony be subjected to garnishment, it is not only a legislative prerogative to so declare it, but, because of the complexities of conflicting public policies already announced in both the alimony and garnishment statutes, I feel that this belongs exclusively within the legislative province.
MADDOX, J., concurs.
NOTES
[1] Ryan, the only Alabama case dealing with garnishment of alimony, arose in the context of a debt incurred by the wife to a third party before a divorce decree and award of alimony. The Ryan holding, of course, is limited to the before situation; thus, any inference of a contrary holding for an after-incurred obligation is pure dictum.
[2] It is the before and after factual distinction that is alluded to in Ex parte City National Bank of Dothan.
[3] I use the term "We", in this instance, advisedly, because apparently there is no disagreement among the members of our Court on this point.