364 So.2d 301 (1978)
Betty Lou AUSTIN, as Executrix of the Estate of Dallas E. Austin, Deceased
v.
Evelyn M. AUSTIN.
SC 2796.
Supreme Court of Alabama.
September 29, 1978.
Rehearing Denied November 22, 1978.
Ernest H. Hornsby of Lewis & Hornsby, Dothan, for appellant.
Douglas M. Bates of Adams & Bates, Dothan, for appellee.
ALMON, Justice.
This appeal is taken by Betty Lou Austin, as Executrix of the estate of Dallas E. Austin, deceased, from a judgment of the Circuit Court allowing a claim against the estate filed by Evelyn M. Austin, a former wife of decedent, for past due and unpaid child support payments in the sum of $12,829.10. We reverse.
Dallas Austin and Evelyn Austin were divorced in Houston County, Alabama on August 23, 1950. The decree provided that Dallas Austin was to pay to Evelyn Austin the sum of $15.00 each week for the support and maintenance of their three minor daughters during their minority. The payments were not ordered to be paid through the court. Evelyn Austin claims the full amount owing for support and maintenance from August 23,1950 to November 21, 1970, less certain amounts paid by the decedent in 1961 and 1963, through 1967. Evelyn testified that Dallas made no payments in the other years. This was disputed by Betty Lou Austin.
The evidence shows that Dallas Austin moved to Pennsylvania in 1950. In 1955, Dallas Austin moved back to Alabama, but shortly thereafter, moved to Panama City, Florida. In 1956, he married Betty Lou Austin, the Executrix. In 1966, the decedent moved back to Alabama where he resided until his death in 1976.
Evelyn made only one attempt through the courts to collect child support payments. This was in 1960, when she reached Austin by process in Florida under the reciprocal non-support act. This action produced the payments in the years mentioned above. *302 No further action was taken by Evelyn for approximately sixteen years until the present claim was filed after Austin's death.
The question is whether past child support payments may be charged against an estate where the amount due is in dispute and has not been reduced to a monied judgment.
Considerable confusion has arisen because of the appellation that past due and unpaid child support and alimony payments are "judgments" or "final judgments." See Andrews v. City National Bank of Birmingham, 349 So.2d 1 (Ala.1977). It is commonly stated that installment payments decreed in a divorce for alimony or support and maintenance of minor children become final judgments as of the dates due and may be collected as other judgments. See Andrews v. City National Bank of Birmingham, supra; O'Neal v. O'Neal, 284 Ala. 661, 227 So.2d 430 (1969); Morgan v. Morgan, 275 Ala. 461, 156 So.2d 147 (1963); Armstrong v. Green, 260 Ala. 39, 68 So.2d 834 (1953) (On Rehearing). The "finality" of these judgments appears to have arisen from those cases which hold that installments which mature before a petition to modify is filed are immune from change. Wood v. Wood, 275 Ala. 305, 154 So.2d 661 (1963); Scott v. Scott, 265 Ala. 208, 90 So.2d 813 (1956).
Past due and unpaid alimony or child support payments are not "judgments" for all purposes. For example, in Miles v. Gay, 280 Ala. 131, 190 So.2d 686 (1966), it was held that a lien on the husband's real property for past due and unpaid installment payments of alimony awarded under an Alabama decree could be acquired only by a judicial ascertainment and declaration of the amount past due and filing a proper certificate showing such a judgment.
Appellant makes several claims of error including laches, the statute of limitation, and the further claim that certain testimony of Evelyn Austin, to the effect that Dallas Austin had failed to make child support payments violated the Dead Man's Statute and was thus inadmissible. There is no necessity to address these issues, as we are of the opinion that the case of Dodd v. Lovett, 282 Ala. 383, 211 So.2d 799 (1968), cited in appellant's brief, is dispositive of this appeal.
The Dodd case holds that the statute pertaining to the contest of a claim filed against an estate was not intended as a substitute for a civil action which might lead to the rendition of a monied judgment. The opinion states as follows:
"In Nelson, Divorce and Annulment, 2nd Ed., 1961 Revision, Sec. 16.43 p. 481, it is stated in reference to the collection of accrued alimony installments:
'The usual procedure is to apply to the court which rendered the decree or order to transmute it into a money judgment * * * for amounts due up to the time of the application thus making the liability absolute and providing the basis for suit in another state or county on a fixed and certain obligation.
Actions on alimony and support awards are most commonly brought with respect to awards under foreign decrees, because it is necessary to reduce them to judgment locally before they can be enforced.'
In Keezer on Marriage and Divorce (Morland) 3rd Ed., Sec. 677, it is stated:
'As a rule it is considered that no decree of a foreign court can operate directly upon property in another jurisdiction and cannot make any direct change of property rights, such as dower or distribution.'
In Miles v. Gay, 280 Ala. 131, 190 So.2d 686, it was held that under Sees. 584 and 585, Tit. 7, Code of Alabama 1940, a lien for periodic installment payments of alimony awarded under an Alabama decree could be acquired only by a judicial ascertainment and declaration of the amount of past due installments and filing a proper certificate showing such a judgment or decree.
The filing of a lawful claim against an estate creates a charge upon the deceased's *303 general estate. Traweek v. Hagler, 199 Ala. 664, 75 So. 152. The determination of a contest of claim filed against an estate, as provided in Sec. 216, Tit. 61, Code of Alabama 1940, does not lead to a monied judgment, since Sec. 216, supra, was not intended as a substitute for a civil action which might lead to the rendition of a monied judgment. Merchants National Bank of Mobile v. Cotnam, 250 Ala. 316, 34 So.2d 122. By analogy, the doctrine of Miles v. Gay, supra, would deny the enforcement of an Alabama decree providing for periodic payments of alimony until the accrued installments had been transmuted into a monied judgment for an amount certain. No greater effect need be given a decree of a sister state than is given a decree of this state, Johnson v. Johnson, 196 S.C. 474, 13 S.E.2d 593, 134 A.L.R. 318. See also Nelson, Divorce and Annulment, 2nd Ed., Vol. 3, Sec. 33.53. We hold therefore that for a decree for alimony, as to accrued installments to be given effect in this state, it must be reduced to a judgment in this state for a sum certain by appropriate proceedings brought for that purpose."
The above holding is applicable to this case. The fact that Dodd dealt with a foreign decree is of no consequence because part of the rationale of that case was that no greater effect should be given to the decree of a sister state than to to one of this state. Thus, a divorce of this state comes within the holding of Dodd.
The judgment is therefore reversed and the cause is remanded.
REVERSED AND REMANDED.
BLOODWORTH, FAULKNER and EBRY, JJ., concur.
TORBERT, C. J., concurs specially.
TORBERT, Chief Justice (concurring specially):
Although I disagree with the holding of the majority that a disputed claim for past due child support under a divorce decree cannot be allowed as a claim against an estate unless first reduced to a monied judgment, I concur in the result. There is no reason in law that claims for alimony or child support should be treated any differently than any other claim or debt asserted against an estate by requiring that such payments be first reduced to a judgment.
The majority misplaces its reliance on Miles v. Gay, 280 Ala. 131, 190 So.2d 686 (1966) and Dodd v. Lovett, 282 Ala. 383, 211 So.2d 799 (1968). In Miles, the wife attempted to impose a lien on the real estate of her former husband based on a divorce decree. In Dodd, the question of the assertion of a claim for accrued alimony was based upon a decree of a foreign court.
I concur in the result to reverse and remand this cause for two reasons. First, those child support payments which matured more than twenty years before the claim was filed are conclusively presumed satisfied. § 6-9-190 Code 1975; Armstrong v. Green, 260 Ala. 39, 68 So.2d 834. It appears the trial court allowed in its judgment child support payments which had matured more than twenty years before the claim was filed. In this, the trial court was in error. Second, child support payments should not be awarded to the children after reaching their majority or after marriage. It appears that the trial court allowed such recovery in its award. In this the trial court erred.