EDWARD N. SCRUGGS, Retired Circuit Judge.
This garnishment proceeding was instituted in an attempt to collect delinquent child support payments which were allegedly due by the father under a divorce judgment.
In their divorce settlement, the father agreed to pay to the mother the sum of $300 per month for the support of their three minor children. The October, 1978, divorce judgment approved that agreement. After almost three years, the mother executed affidavits which, among other matters, stated that the father was $4,000 in arrears for child support as ordered by the 1978 judgment. A writ of garnishment was issued against the father’s employer. The father filed a motion to void the garnishment on several grounds. One of his aver-ments was that the trial court had not reduced to a judgment the delinquent support payments before the initiation of the garnishment proceeding.' The trial court determined that such a reduction of the past due installments to a judgment was not a condition precedent to the issuance of garnishment and the father’s motion was overruled. He appeals.
Many Alabama cases contain language to the effect that “installment payments decreed in a divorce for support and education of the minor child of a marriage become *1068 final judgments as of the dates due and may be collected as other judgments.” Armstrong v. Green, 260 Ala. 39, 68 So.2d 834, on rehearing, 260 Ala. 45, 68 So.2d 839 (1953). From those words it would appear that it is not essential that delinquent child support payments be initially reduced to a monetary judgment by the court which rendered the divorce judgment prior to the issuance of a writ of garnishment or a writ of execution. While the authorities are sharply divided on that point, several jurisdictions have given a literal interpretation to the stated rule and permit garnishment to issue for due and unpaid child support or alimony payments without any prior proceedings to reduce those payments to a definite sum certain judgment. Gray v. Gray, 238 Iowa 723, 27 N.W.2d 123 (1947); Andrews v. Andrews, 171 Kan. 616, 237 P.2d 418 (1951); Whitby v. Whitby, 306 Ky. 355, 208 S.W.2d 68 (1948); Martin v. Martin, 59 Wash.2d 468, 368 P.2d 170 (1962); Stemme v. Stemme, 351 S.W.2d 823 (Mo.App.1961). However, a thorough search and study of decisions of our supreme court lead in a different direction and dictate a contra result.
In Miles v. Gay, 280 Ala. 131, 140, 190 So.2d 686, 694 (1966), it was decided on rehearing that, under what are now §§ 6-9-210 and -211 of the Code of Alabama of 1975, as to the nonpayment of periodic installment payments decreed by a divorce judgment, a lien pursuant to the code could be acquired “only by a judicial ascertainment and declaration of the amount of past due installments” and the subsequent filing of the required certificate showing such a judgment or decree.
The case of Dodd v. Lovett, 282 Ala. 383, 211 So.2d 799 (1968), and the latest case of Austin v. Austin, 364 So.2d 301 (Ala.1978), utilize language that is decisive of the present issue.
In Austin it was decided that past child support payments may not be a charge against the estate of the deceased father where the amount due is in dispute and has not been reduced to a monied judgment. Therein it was stated:
“Considerable confusion has arisen because of the appellation that past due and unpaid child support and alimony payments are ‘judgments’ or ‘final judgments.’ See Andrews v. City National Bank of Birmingham, 349 So.2d 1 (Ala.1977). It is commonly stated that installment payments decreed in a divorce for alimony or support and maintenance of minor children become final judgments as of the dates due and may be collected as other judgments. See Andrews v. City National Bank of Birmingham, supra; O’Neal v. O’Neal, 284 Ala. 661, 227 So.2d 430 (1969); Morgan v. Morgan, 275 Ala. 461, 156 So.2d 147 (1963); Armstrong v. Green, 260 Ala. 39, 68 So.2d 834 (1953) (On Rehearing). The ‘finality’ of these judgments appears to have arisen from those cases which hold that installments which mature before a petition to modify is filed are immune from change. Wood v. Wood, 275 Ala. 305, 154 So.2d 661 (1963); Scott v. Scott, 265 Ala. 208, 90 So.2d 813 (1956).
“Past due and unpaid alimony or child support payments are not ‘judgments’ for all purposes.... ”
Austin v. Austin, supra, at 302. Therein, reliance was placed upon the Miles decision and the opinion further quoted with approval from the Dodd case, wherein the following was asserted:
. “By analogy, the doctrine of Miles v. Gay, supra, would deny the enforcement of an Alabama decree providing for periodic payments of alimony until the accrued installments had been transmuted into a monied judgment for an amount certain.

“We hold therefore that for a decree for alimony, as to accrued installments to be given effect in this state, it must be reduced to a judgment in this state for a sum certain by appropriate proceedings brought for that purpose.”
Dodd v. Lovett, supra, 282 Ala. at 386, 211 So.2d at 802.
After applying the essential facts of this case to the holdings and language of the *1069 Miles, Dodd and Austin cases, supra, we have no alternative but to hold that, in the present case, prior to the issuance of the writ of garnishment, the wife, through proper proceedings brought for that purpose, should have had the delinquent child support installments reduced by the trial court to a judgment for the exact amount then ascertained by that court to be due under the provisions of the 1978 divorce judgment.
We realize that this decision may appear to be at variance with implications contained in O’Neal v. O’Neal, 284 Ala. 661, 227 So.2d 430 (1969); however, the question here raised was not therein discussed and apparently was not an issue in the O’Neal case. While the procedure here utilized by the wife appears to be reasonable and while it afforded procedural due process through • notice and an opportunity by the father to appear and contest the amount, if any, due to be garnished for delinquent support payments, we are bound by and must follow the latest supreme court holding and decision in the Austin case. Ala.Code § 12-3-16 (1975).
It is further noteworthy that in 1981 legislation was passed which concerned alternative provisions for the garnishment of salaries of parents who are under a court order to provide child support, and the legislature provided that the trial court itself would enter the appropriate order for garnishment and set the amount thereof not to exceed 40% of disposable wages after proper service and hearing. Ala.Code § 6-6-490 et seq. (1975).
The motion of the father should have been granted. We must reverse and remand.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.