I do not agree with the Presiding Judge's opinion that the wife "waived" her right to alimony. However, I do find the trial court's action to be supported by the evidence.
At the outset I note the husband's answer raised "accord and satisfaction" as a defense.
The past due alimony claimed by the wife is a fixed-money judgment, as to past due installments, which can be discharged as any other such judgment. O'Neal v. O'Neal, 284 Ala. 661,227 So.2d 430 (1969), quoting Rochelle v. Rochelle, 235 Ala. 526,179 So. 825 (1938). Such judgment is the proper subject of an accord and satisfaction. O'Neal v. O'Neal, supra; Zorn v.Lowery, 236 Ala. 62, 181 So. 249 (1938).
For payment of a lesser amount to operate as a satisfaction of a debt or judgment, there must be a bona fide dispute as to the amount due, or an independent consideration, or written agreement, or a surrender of the evidence of the debt. O'Nealv. O'Neal, supra.
In the instant case, the trial court found a mutual agreement to reduce alimony. Such a finding is easily interpreted to support a finding that there was independent consideration which in turn supports a finding of accord and satisfaction. Every presumption must be indulged to uphold judgment entered in cases heard ore tenus. McGaha v. Steadman, 410 So.2d 420
(Ala.Civ.App. 1981). There was evidence presented which would support a finding of consideration, i.e., that the husband would delay his retirement which would have reduced the wife's alimony even more.