Although I agree with the holding of the majority that past due installments of child support are final money judgments and that a writ of garnishment is a legally permitted method of collecting those judgments, I disagree with the majority's failure to recant the basis of this Court's holding in Austinv. Austin, 364 So.2d 301 (Ala. 1978). The plurality opinion inAustin provided that a disputed claim for past due child support under a divorce decree cannot be allowed as a claim against an estate unless first reduced to a monied judgment. I disagreed with the basis of the decision in Austin, but concurred in the result for two reasons. First, child support payments which mature more than twenty years before a claim is filed are conclusively presumed satisfied, and second, child support payments should not be awarded to children after they reach their majority or after their marriage. 364 So.2d at 303 (Torbert, C.J., concurring specially).
The majority opinion correctly points out that the plurality in Austin misplaced its reliance on Miles v. Gay, 280 Ala. 131,190 So.2d 686 (1966), and Dodd v. Lovett, 282 Ala. 383,211 So.2d 799 (1968). The majority characterizes Austin as an inexplicable circumstance but fails to recant the basis of that decision, stating that it "does not have any relationship to the case before us, and, therefore, cannot be authority for resolving the issue of the case."
The basis of the decision in Austin cannot be distinguished from the present facts. The issue in Austin was whether past due child support payments may be charged against an estate when the amount due has not been reduced to a monied judgment. The majority holds here that past due child support payments are final money judgments. Installment payments decreed in a divorce for alimony or child support become final money judgments on the dates they *Page 1073 
are due. I concur in the result and the reasoning of the majority, but disagree with the majority's failure to recant the basis of this Court's holding in Austin.