YATES, Judge.
The trial court divorced the parties on June 29, 1978, awarding custody of the parties’ minor child to the mother and ordering the father to pay $150 per month child support. The father died in 1992. In 1993, the mother filed in probate court a claim against the deceased father’s estate for $36,550 in past-due child support. The estate disputed the validity of the claim, because no credit had been given for Social Security benefits that had been paid to the child “from the Social Security disability account of the [father].” The estate also moved the court to disallow the claim, asserting that there had been neither a judicial declaration of the amount of past-due support nor a money judgment entered and that, therefore, the claim should not be allowed. Following a hearing, the probate court disallowed the mother’s claim.
The mother appealed to the circuit court and moved for a summary judgment, arguing: (1) that court-ordered child support installments become final judgments as of the dates due and, therefore, an additional judicial proceeding was not required; (2) 'that Alabama law does not require that a claim for child support be reduced to a judgment; and (3) that the amount owed per month was stated in the divorce judgment and, therefore, the past-due amount was ascertainable by simple calculation.
After an ore tenus proceeding, the circuit court, in December 1995, denied the mother’s claim, citing Austin v. Austin, 364 So.2d 301 (Ala.1978), as authority. The mother appealed. The dispositive issue is whether the court erred in relying on Austin to disallow the mother’s claim against the father’s estate.
*1066 We note the well-established rule that when evidence is presented ore tenus, as in this instance, the court’s judgment is presumed correct and is subject to being set aside only for plain and palpable abuse of discretion. Beckwith v. Beckwith, 475 So.2d 575 (Ala.Civ.App.1985). Matters concerning child support rest soundly within the trial court’s discretion and will not be reversed absent a showing that the trial court has abused its discretion or that its determination is plainly and palpably wrong. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985).
That past-due child support payments are final monetary judgments was' settled by our supreme court in Ex parte Morgan, 440 So.2d 1069 (Ala.1983). In Morgan, the court rejected the reasoning behind Austin, supra, and related cases (e.g., Miles v. Gay, 280 Ala. 131, 190 So.2d 686 (1966)(involving a lien against a husband’s estate for past-due alimony); and Dodd v. Lovett, 282 Ala. 383, 211 So.2d 799 (1968)(enforeement of a foreign judgment against a deceased husband’s estate for past-due alimony)). The court stated in Morgan:
“[M]ust past due installments for child support under an Alabama court decree be reduced to a monied judgment before garnishment proceedings can be instituted against the delinquent father? The answer to this question does not come from Austin, Miles, and Dodd. It comes from Armstrong v. Green, 260 Ala. 39, 68 So.2d 834 (1953), O’Neal v. O’Neal, 284 Ala. 661, 227 So.2d 430 (1969), and Andrews v. City National Bank of Birmingham, 349 So.2d 1 (Ala.1977).
“Armstrong established the rule that installment payments decreed in a divorce for support and education of the minor children of the marriage become final judgments as of the dates due and may be collected as other judgments....
“We find that Austin, Miles and Dodd appear to be 180 degrees from Armstrong, O’Neal and Andrews. Can these cases be distinguished with any degree of logic? To be sure, Miles and Dodd can be distinguished with logical reasoning. Austin is an inexplicable circumstance.”
440 So.2d at 1071 (citations omitted). The court further held: “[P]ast due installments of child support — like past due installments of alimony found in Andrews — create a final monied judgment.... There is no logical reason for having the judgment of past due installments reduced to a monied judgment. It is already a monied judgment.” Id., at 1072.
Pursuant to Morgan, this court has considered past-due child support payments as final money judgments. In Hardy v. Hardy, 600 So.2d 1013, 1015 (Ala.Civ.App.1992), cert. denied, 600 So.2d 1016 (Ala.1992), we stated:
“Court-ordered child support payments become final money judgments on the dates that they are due and are thereafter immune from change or modification. Morgan, .... Past-due installments of child support are final judgments which may be collected as any other judgment. Motley v. Motley, 505 So.2d 1228 (Ala.Civ.App.1986); Latham v. Latham, 479 So.2d 61 (Ala.Civ.App.1985).”
The estate argues that the facts of this case are distinguishable from those of Morgan because Morgan involved a garnishment, whereas this ease, like Austin, involves a claim against the estate of a deceased spouse. However, in both Morgan and Austin, as in this case, the primary purpose was to collect court-ordered child support that had become past due and that was, consequently, a final monetary judgment. Further, we reject the estate’s assertion that the divorce judgment did not provide for child support “installments” because the judgment stated that the father was to pay $150 “for the support and maintenance of the said child until she either reaches her majority, marries or becomes self-sustaining” and does not specifically say the $150 payment is to be made each month. The record indicates from the father’s payment history that he understood the judgment to mean that his child support obligation was $150 per month.
The circuit court erred in relying upon Austin to disallow the mother’s claim. There may be a valid dispute as to credits to *1067 be applied to the past-due child support based on Social Security benefits paid to the child on behalf of her father; however, this does not alter the past-due amounts as final monetary judgments, which are collectable against the estate. The judgment is reversed and the ease remanded for the circuit court to calculate the amount of past-due child support owed, applying any allowable credits, and to allow the claim against the deceased father’s estate.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, MONROE, and CRAWLEY, JJ., concur.