[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15766
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cv-00133-JAJ-SRW


BERTHA M. MOTON,

Plaintiff-Appellant,

versus

NATIONAL MOTOR CLUB OF AMERICA, INC.,

Defendant-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(August 15, 2017)

Before JORDAN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Bertha Moton appeals the district court's grant of defendant National Motor Club of America's motion for summary judgment and denial of her motion for summary judgment.  On appeal, Moton argues that the district court committed two errors: (1) it erred when it found ambiguity in the contract but granted summary judgment to Defendant; and (2) it erred when it found that when she cancelled her membership with National Motor Club, she waived her right to a refund.

I.

Moton argues that the district court erred when it granted Defendant's motion for summary judgment despite finding ambiguity in the contract that was not resolved by the use of established rules of contract construction.  The district court conceded that Moton's interpretation of the provision made sense but stated that there were two other interpretations that might apply.  She asserts that the court should have permitted the question of which interpretation was proper to go to the jury.  Further, the court failed to construe the language in Moton's favor, in violation of Alabama law, which requires the interpretation of ambiguities in contracts against the drafter of the contract.

Alabama law calls for a court faced with an ambiguity in a contract to employ established rules of contract construction in an attempt to resolve the

2

ambiguity.  Voyager Life Ins. Co. v. Whitson, 703 So.2d 944, 948 (Ala. 1997).

Using those rules, if there is a choice between a valid construction and an invalid

construction, "'the court has a duty to accept the construction that will uphold,

rather than destroy, the contract and that will give effect and meaning to all of its

terms.'"  Id.   One such rule of contract construction is that "a specific provision

prevails over a general provision relating to the same subject matter."  Ward v.

Check into Cash of Ala., LLC, 981 So.2d 434, 438 (Ala. Civ. App. 2007).  Another

rule requires a construction that gives effect to all terms in the contract.  State ex

rel. Riley v. Lorillard Tobacco Co., 1 So.3d 1, 7 (Ala. 2008).  "'[I]f all other rules

of contract construction fail to resolve the ambiguity, then, under the rule of *contra*

*proferentem*, any ambiguity must be construed against the drafter of the contract.'"

Extermitech, Inc. v. Glasscock, Inc., 951 So.2d 689, 694 (Ala. 2006) (quoting

Homes of Legend, Inc. v. McCollough, 776 So.2d 741, 746 (Ala. 2000)).

We hold that the district court correctly granted summary judgment in favor

of Defendant.  The district court properly read the application and the handbook

together to interpret the contract.  The application provided, in relevant part, that

Moton's membership would be in "Full Force," but that she had to present her

membership card to receive the discounts and she should allow two weeks for the

card to arrive.  Pointing to the tension between her membership being in full force,

on the one hand, and, on the other hand, the two-week delay in receiving the

3

membership card and the necessity of presenting the card to obtain certain benefits, Moton claims that the contract required an immediate delivery of the membership card. She claims that Defendant breached the contract by delaying the card for two weeks and denying full benefits during that time. We reject Moton's interpretation, which would ignore the contract provision allowing two weeks for delivery of the card. We resolve the tension, holding that the two-week delay for delivery of the card and availability of certain discounts is a specific provision prevailing over the more general full force provision for membership generally. This construction gives effect to all provisions of the contract.

## II.

Next, Moton argues that the district court erred when it held that she waived her claim for a refund of the rest of that month's fee after she cancelled. She points to the plain language of the contract, which states that "[u]pon cancellation of your membership, you will receive a pro rata refund of any unused membership dues, without any deductions." Thus, under the plain language of the contract, she argues, there was no need for her to assert her right to the refund. The court's reliance on waiver was flawed for two reasons, she argues. First, the evidence of waiver is equivocal: when informed by the Club representative that her membership would end at the end of the month (rather than upon cancellation),

4

Moton replied, "Okay. Thank you, ma'am." There was no evidence that Moton's statement was "an intentional relinquishment of a known right," as required by Alabama law. Second, the Club representative did not have the authority to modify the contract.

Alabama courts have long stated that waiver is the intentional relinquishment of a known right. Edwards v. Allied Home Mortg. Capital Corp., 962 So.2d 194, 208 (Ala. 2007) (citing O'Neal v. O'Neal, 227 So.2d 430, 431 (Ala. 1969)). Further, "'intentional relinquishment must be shown in an unequivocal manner.'" Id. at 209 (quoting Putman Constr. & Realty Co. v. Byrd, 632 So.2d 961, 965 (Ala.1992)). But, the "intent to waive a right may be found from conduct that is inconsistent with the assertion of that right." Id. (citing Givens v. Gen. Motors Acceptance Corp., 324 So.2d 277, 279 (Ala. Civ. App. 1975)). External acts manifesting waiver can be used to ascertain the party's intent. Stewart v. Bradley, 15 So.3d 533, 543 (Ala. Civ. App. 2008). In Stewart, the defendants were deemed to have waived their right to written notice when they accepted oral notice from the plaintiffs. Id. By contrast, the court in Edwards held there was no waiver when the plaintiff accepted the benefits of an agreement after the defendant breached but she complained about the breach. 962 So.2d at 209.

Here, Moton waived her right to claim breach by accepting the Club's modification without complaint or question.  Had Moton rejected the alteration or accepted and complained of the alteration, she would have preserved her claim. Having not done that, she has waived her claim and the district court did not err in so holding.

AFFIRMED.