MONROE, Judge.
Dr. Robert R. Brinson sued Élan Pharma, Inc., to recover $15,000 that he claimed Élan had guaranteed would be paid to him under a research contract between the two parties. Élan counterclaimed, alleging that Brinson was liable for what it claimed was an overpayment of its obligation under the contract. Élan also filed a motion for a summary judgment on the ground of improper venue, which the trial court denied. After a bench trial, the trial court entered a judgment in favor of Brinson and awarded him $15,000 on his claim; the court entered a judgment against Élan on its counterclaim. Élan appeals.
The evidence presented at trial tended to show the following. In May 1992, Brinson submitted a research proposal to Élan. Under the proposal, Brinson was to conduct a three-year study of the effects of a drug called Reabilan, which Élan at that time was marketing in the Montgomery area. In return, Élan was to pay him $60,000 per year. In October 1992, Peter McHenry, general manager of Élan at that time, wrote Brinson approving both the research aspects of the proposal and the annual payment of $60,000, which the parties agreed would be paid in semiannual installments of $30,000 payable on May 1 and November 1. In his letter, McHenry guaranteed Brinson a payment of $15,000, “p.a.,” to fund a post-doctoral fellow to assist with the study. That money was to be part of the $60,000 paid to Brinson annually. The letter said that a final contract would be forthcoming; however, it appears from the record that no final written contract was executed. The study began in November 1992, and Brinson timely received the first three payments of $30,000.
During the course of the study, Élan lost the right to distribute Reabilan. In June 1994, Carlo Ruggeri, Élan’s new president, wrote to Brinson requesting a clarification of the terms of the contract. Ruggeri wrote that he believed that Élan owed Brinson only $15,000 to $20,000 annually, and that since Brinson had already been paid $90,000, he did not think that Élan had any further obligation. Brinson answered that he was to be paid $30,000 semiannually, and that Élan still owed him three payments of $30,000 for the remaining 18 months of the contract.
In July 1994, Élan sent Brinson a check for $30,000 with a letter explaining that the money was the final payment for the study. Brinson cashed the check, which he said he considered to be the fourth installment payment, which came due in May 1994. Brinson testified that he contacted Élan regarding the July 1994 check and was told by Kenneth McVeigh, an Élan employee, that the company “would try to clear this up.” However, Brinson received no more payments from Élan. He testified that because Élan had guaranteed him at least $15,000 a year for each of the three years proposed for the study, he believed he was still owed a payment of $15,000.
Élan presented no witnesses at the trial.
Élan contends that the trial court erred in not entering a summary judgment in its favor because, it says, venue is not proper in Montgomery County. Specifically, Élan argues that venue is not proper in Montgomery County because Élan is a foreign corporation that has not qualified to do business in Alabama, was not doing business by agent in Montgomery County when the alleged cause of action arose or when the suit was filed. Élan does not argue that venue would be proper in another Alabama county and that the ease should have been transferred. Instead, it argues that because venue is not proper in Montgomery County, the action should have been dismissed.
Élan’s argument misses the mark. It is true that a contract action may “be brought against a foreign corporation in any county in which the foreign corporation was ‘doing business by agent at the time the cause of action arose’ as well as in any county in which the foreign corporation ‘does business by agent.’ ” Ex parte Gauntt, 677 So.2d 204, 213 (Ala.1996); § 6-3-7, Ala.Code 1975; Ala. Const.1901, Amendment No. 473 (1988). However, following Élan’s reasoning, a foreign corporation could never be sued in Alabama unless it had an agent doing business in some county in the state. Such a rule would render Alabama’s long-arm statute, Rule 4.2, Ala. R. Civ. P., meaningless.
*205 Élan entered into a three-year contract ■with Brinson in Montgomery County in November 1992. Brinson alleges that Élan breached that contract in November 1994. Because under its own terms the contract did not to expire until November 1995, Élan was still doing business with Brinson in Montgomery County at the time of the alleged breach of contract. Therefore, venue was proper in Montgomery County. The trial court did not err in denying Élan’s motion for a summary judgment.
Élan also argues that the trial court erred in finding that Brinson was entitled to recover on his breach of contract claim. Élan bases its argument on several grounds. First, it claims that Brinson should be precluded from recovery under a theory of accord and satisfaction. Specifically, Élan argues that Brinson’s acceptance of the July 1994 check for $30,000 was an accord and satisfaction. We disagree.
“ ‘An accord and satisfaction is an agreement reached between competent parties regarding payment of a debt the amount of which is in dispute. Limbaugh v. Merrill Lynch, Pierce, Fenner & Smith, 732 F.2d 859, 861 (11th Cir.1984); O’Neal v. O’Neal, 284 Ala. 661, 227 So.2d 430 (1969). There can be no accord and satisfaction “without the intentional relinquishment of a known right.” Id. at 663, 227 So.2d at 431.
“ ‘Like any other contract, a valid accord and satisfaction requires consideration and a meeting of the minds regarding the subject matter. Bank Indep. v. Byars, 538 So.2d 432, 435 (Ala.1988); Farmers & Merchants Bank of Centre v. Hancock, 506 So.2d 305, 310 (Ala.1987); Austin v. Cox, 492 So.2d 1021, 1022 (Ala.1986); Ray v. Alabama Central Credit Union, 472 So.2d 1012, 1014 (Ala.1985).’ ”
Bay City Construction Co. v. Hayes, 624 So.2d 1031, 1032-33 (Ala.1993). “Whether the parties have reached an accord and satisfaction is almost always a question for the [trier of fact].” Id. at 1033.
There is no evidence in the record to support the contention that there was a meeting of the minds between Élan and Brinson as to what the July 1994 check for $30,000 represented. Brinson cashed the $30,000 check believing it to be the fourth of the six installment payments he was owed under the contract. He contacted Élan to clear up the matter regarding the “final payment” letter accompanying the check. As the trial court pointed out, there is no evidence that the parties had agreed for Élan to pay a lesser amount than the $15,000 guaranteed for each year of the contract. The evidence tends to show that there was no meeting of the minds between the parties as to the $30,000 payment; therefore, the evidence supports the trial court’s finding that there was no accord and satisfaction.
Élan further argues that Brinson was not entitled to recover because, it says, he had not proven damages, and he had mitigated his damages. This is essentially an issue of the sufficiency of the evidence.
The evidence shows that the parties were aware that the proposed three-year study could be cut short for any number of reasons, but that Élan guaranteed Brinson it would pay him $15,000 annually for each of the three years of the study. The trial court noted in its judgment that it interpreted the term “p.a.” in Élan’s letter to Brinson accepting his proposal to mean “per annum.” The $15,000 would be part of the $60,000 paid annually as long as the study was on-going. Élan stopped the study after two years, but did not pay Brinson $15,000 for the third year, as guaranteed in the contract and bargained for by the parties. The evidence is undisputed that Élan did not fulfill that provision of the contract. The trial court did not err in awarding Brinson $15,000 on his breach of contract claim.
Élan also contends that the trial court erred in finding that Élan was not entitled to a set-off and/or an award of damages because of its alleged overpayment of Brinson. As the trial court pointed out, the payment schedule did not correspond to any distinct phases of research. Some six-month periods would necessarily involve more research than others. The evidence does not support Élan’s contention that Brinson did not do any further work on the study after February 1994. In fact, the evidence shows that after *206 1994, Brinson continued to compile and document the data collected from the study.
There is no evidence that Brinson breached the contract with Élan, and there is no evidence to support Élan’s contention that it had overpaid Brinson. Therefore, the trial court did not err in entering a judgment against Élan on its counterclaim against Brinson for breach of contract.
The evidence supports the judgment of the trial court; therefore, the judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, and THOMPSON, JJ., concur.
CRAWLEY, J., concurs in the result.