Cece Hylton sued Edward C. Meztista and Magic Media Division ("MMD"), a partnership, alleging breach of a partnership agreement. Hylton also sought a dissolution of the partnership and an accounting of partnership profits. The trial court entered a summary judgment in favor of Meztista and MMD on the ground of accord and satisfaction. Hylton appealed to the Alabama Supreme Court, which deflected the case to this court pursuant to § 12-2-7(6), Ala. Code 1975.
A motion for summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P.; CrowneInvestments, Inc. v. Bryant, 638 So.2d 873 (Ala. 1994). The burden is on the moving party to show that no material fact is in dispute; the evidence is to be viewed in the light most favorable to the nonmovant, and all reasonable inferences are to be drawn in that party's favor.Id.
Rule 56 is read in conjunction with the "substantial-evidence rule," § 12-21-12, Ala. Code 1975. See Bass v. SouthTrust Bank of BaldwinCounty, 538 So.2d 794, 797-98 (Ala. 1989). To defeat a defendant's properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989).
The following facts are undisputed: Hylton and Meztista had a partnership, MMD, which had an advertising account with a Delchamps grocery store. Pursuant to the partnership agreement, Hylton and Meztista would equally divide the profits MMD earned once expenses were paid. They also agreed to equally divide the partnership's liabilities. From the record, it appears that Delchamps, which paid MMD $30,000 a month, was the only account the partnership handled. When the Delchamps chain of stores was sold, MMD lost the account.
In January 1998, Meztista provided Hylton with a two-page document, which he said was an accounting of MMD's profits and expenses. The bottom line showed a balance of $35,235.67, of which Hylton was owed $17,617.84. Hylton, however, questioned certain expenses included in the accounting and asked Meztista to let her review the partnership's books.
Hylton was never given the opportunity to see the books. Meztista did not return her telephone calls, nor did he provide her with an explanation regarding the expenses shown on the accounting. In April 1998, Meztista gave Hylton a check for $17,617.84, which was drawn on MMD's account. The face of the check stated that it was "final payment/payment in full." Hylton cashed the check, but wrote on it that she was doing so "under protest." She added "CASHING THIS CHECK DOES NOT CONSTITUTE MY ACCEPTANCE OF THIS AMOUNT AS PAYMENT IN FULL." In May 1998, Hylton filed her complaint in this case.
Hylton contends that the trial court erred in concluding that when she cashed the check, it constituted an accord and satisfaction. Specifically, she argues that Meztista's refusal to allow her to have access to the partnership's books amounted to bad faith. She asserts that an essential element of accord and satisfaction is that the instrument must be tendered in good faith. The trial court specifically found that Hylton had failed to present substantial evidence tending to show that *Page 794 
Meztista did not tender his check in good faith.
We first note that accord and satisfaction is an affirmative defense, Rule 8(c), Ala.R.Civ.P., and that the burden of proving an affirmative defense is on the defendant. Foremost Ins. Co. v. Parham, 693 So.2d 409
(Ala. 1997); Lightfoot v. Floyd, 667 So.2d 56 (Ala. 1995).
By law, the partnership must provide partners and their agents and attorneys access to its books and records. § 10-8A-403(b), Ala. Code 1975. Former partners are entitled to see books and records pertaining to the time during which they were partners. Id. Furthermore, each partner has an obligation to "discharge the duties to the partnership and the other partners . . . and exercise any rights consistently with the obligation of good faith and fair dealing." § 10-8A-404(d), Ala. Code 1975.
Without determining whether Meztista met his burden of showing that there was an accord and satisfaction, Hylton presented substantial evidence tending to show that Meztista had prevented her from reviewing the partnership books and that he did not return her telephone calls regarding questions she had about the accounting. From this evidence, a reasonable jury could determine that Meztista had not acted in good faith in paying Hylton what Meztista said was her share of the partnership's profits.
Additionally, the record shows that Hylton presented substantial evidence tending to cast doubt on whether there was an actual accord and satisfaction.
 "`An accord and satisfaction is an agreement reached between competent parties regarding payment of a debt the amount of which is in dispute. Limbaugh v. Merrill Lynch, Pierce, Fenner Smith, 732 F.2d 859, 861 (11th Cir. 1984); O'Neal v. O'Neal, 284 Ala. 661, 227 So.2d 430 (1969). There can be no accord and satisfaction "without the intentional relinquishment of a known right." Id. at 663, 227 So.2d at 431.
 "`Like any other contract, a valid accord and satisfaction requires consideration and a meeting of the minds regarding the subject matter. Bank Indep. v. Byars, 538 So.2d 432, 435 (Ala 1988); Farmers Merchants Bank of Centre v. Hancock, 506 So.2d 305, 310 (Ala. 1987); Austin v. Cox, 492 So.2d 1021, 1022
(Ala. 1986); Ray v. Alabama Central Credit Union, 472 So.2d 1012, 1014 (Ala. 1985).'"
Elan Pharma, Inc. v. Brinson, 689 So.2d 202 (Ala.Civ.App. 1997) (quotingBay City Constr. Co. v. Hayes, 624 So.2d 1031, 1032-33 (Ala. 1993)).
Hylton presented substantial evidence tending to show that she and Meztista did not have a meeting of the minds. The evidence also shows that in cashing the check Hylton did not intend to relinquish any right she might have had in seeking an accounting and in ensuring she was paid everything she was owed.
"Whether the parties have reached an accord and satisfaction is almost always a question for the trier of fact." Brinson, supra, at 205. Hylton presented substantial evidence from which the finder of fact could reasonably determine that no accord and satisfaction had been reached.
The trial court erred in entering the summary judgment in favor of Meztista. Therefore, the judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
Robertson, P.J., and Yates, J., concur.
Crawley and Thompson, JJ., dissent. *Page 795