CeCe Hylton sued Edward C. Meztista and Magic Media Division ("MMD"), a partnership, alleging breach of the partnership agreement and seeking a dissolution of the partnership and an accounting of the partnership profits. The Court of Civil Appeals stated the following relevant and undisputed facts:
 "The following facts are undisputed: Hylton and Meztista had a partnership, MMD, which had an advertising account with a Delchamps grocery store. Pursuant to the partnership agreement, Hylton and Meztista would equally divide the profits MMD earned once expenses were paid. They also agreed to equally divide the partnership's liabilities. From the record, it appears that Delchamps, which paid MMD $30,000 a month, was the only account the partnership handled. When the Delchamps chain of stores was sold, MMD lost the account.
 "In January 1998, Meztista provided Hylton with a two-page document, which he said was an accounting of MMD's profits and expenses. The bottom line showed a balance of $35,235.67, of which Hylton was owed $17,617.84. Hylton, however, questioned certain expenses included in the accounting and asked Meztista to let her review the partnership's books.
 "Hylton was never given the opportunity to see the books. Meztista did not return her telephone calls, nor did he provide her with an explanation regarding the expenses shown on the accounting. In April 1998, Meztista gave Hylton a check for $17,617.84, which was drawn on MMD's account. The face of the check stated that it was `final payment/payment in full.' Hylton cashed the check, but wrote on it that she was doing so `under protest.' She added `CASHING THIS CHECK DOES NOT CONSTITUTE MY ACCEPTANCE OF THIS AMOUNT AS PAYMENT IN FULL.' In May 1998, Hylton filed her complaint in this case."
Hylton v. Meztista, 845 So.2d 792, 793 (Ala.Civ.App. 2000).
Meztista and MMD moved for a summary judgment, contending that Hylton's cashing of the $17,617.84 check constituted an accord and satisfaction. The trial court entered a summary judgment in favor of *Page 797 
Meztista and MMD, stating the following conclusions of law:
 "1. [The] Defendant established a prima facie case that any debt owed [the] Plaintiff was discharged pursuant to Ala. Code 1975, § 7-3-311(b).
 "2. Even reviewing the record in a light most favorable to the Plaintiff and resolving all reasonable doubts against the Defendant, Plaintiff has not presented substantial evidence of a genuine issue of material fact that [the] Defendant did not tender his check in good faith, or that the amount due was not the subject of a bona fide dispute."
Hylton appealed to this Court, and we transferred the case to the Court of Civil Appeals, pursuant to § 12-2-7(6), Ala. Code 1975. The Court of Civil Appeals, holding that the trial court had erred in entering the summary judgment for Meztista and MMD, reversed that judgment and remanded the case for further proceedings consistent with its opinion. After the Court of Civil Appeals overruled their application for rehearing, Meztista and MMD petitioned this Court for certiorari review, and we granted their petition. We reverse the judgment of the Court of Civil Appeals and remand the case for further proceedings consistent with this opinion.
In a well-reasoned dissent, Judge Crawley stated the applicable legal principles and the resulting legal conclusions:
 "I conclude that the trial court properly entered the summary judgment for Meztista, because no genuine issue of material fact exists as to whether an accord and satisfaction had occurred. Hylton's placing a restrictive endorsement on the check does not create an issue of fact as to whether an accord and satisfaction had occurred. This court has held that a party in Hylton's position has two options: (1) reject the offer of the check as full satisfaction of the disputed claim; or (2) accept the offer of the check as a full satisfaction by cashing or depositing the check. Public Nat'l Life Ins. Co. v. Highsmith, 47 Ala. App. 488, 256 So.2d 912 (Ala.Civ.App. 1971). The supreme court has held that a party in Hylton's position does not have the option of accepting the offer of the check and placing a restrictive endorsement on it. Boohaker v. Trott, 274 Ala. 12, 16, 145 So.2d 179, 183 (1962). (`The fact that the plaintiff attempted to "amend" the legend on the check [from full payment to partial payment] cannot avail him.'). Such an altering of the terms of the offer does not affect the validity of the accord and satisfaction. Id. According to the law as stated by Highsmith and Boohaker, Hylton's endorsement on the check, indicating that she was not accepting the check as full payment for her partnership interest, is not relevant in light of the fact that she deposited the check. Her action of depositing the check completed the accord and satisfaction."
Hylton v. Meztista, 845 So.2d at 795 (Crawley, J., dissenting) (emphasis supplied).
This Court has emphasized the contractual nature of an accord and satisfaction:
 "An accord and satisfaction is an agreement reached between competent parties regarding payment of a debt the amount of which is in dispute. Limbaugh v. Merrill Lynch, Pierce, Fenner Smith, 732 F.2d 859, 861 (11th Cir. 1984); O'Neal v. O'Neal, 284 Ala. 661, 227 So.2d 430
(1969). There can be no accord and satisfaction `without the intentional relinquishment of a known right.' Id. at 663, 227 So.2d at 431.
 "Like any other contract, a valid accord and satisfaction requires consideration and a meeting of the minds regarding the subject matter. Bank *Page 798 Indep. v. Byars, 538 So.2d 432, 435 (Ala. 1988); Farmers Merchants Bank of Centre v. Hancock, 506 So.2d 305, 310 (Ala. 1987); Austin v. Cox, 492 So.2d 1021, 1022 (Ala. 1986); Ray v. Alabama Central Credit Union, 472 So.2d 1012, 1014 (Ala. 1985)."
Leisure Am. Resorts v. Carbine Constr. Co., 577 So.2d 409, 411 (Ala. 1990) (emphasis supplied).
Applying these well-established principles to the facts of this case, the Court of Civil Appeals concluded that "Hylton presented substantial evidence tending to show that she and Meztista did not have a meeting of the minds." In reaching that conclusion, the Court of Civil Appeals relied on Hylton's apparently subjective intent to retain her right to seek an accounting and to ensure that she was paid all that she was owed. Hylton v. Meztista, 845 So.2d at 794. The Court of Civil Appeals erred in reaching this conclusion. When Hylton endorsed and deposited the check, she agreed to the condition upon which it was offered, and she is estopped to deny that agreement. Boohaker v. Trott, 274 Ala. 12,145 So.2d 179 (Ala. 1962); Public Nat'l Life Ins. Co. v. Highsmith,47 Ala. App. 488, 256 So.2d 912 (Ala.Civ.App. 1971).
According to the Alabama Comment to § 7-3-311, Ala. Code 1975, that "section prescribes the rules that apply when an accord and satisfaction is asserted on the basis of a written notation on a negotiable instrument." That section provides in pertinent part:
 "(a) If a person against whom a claim is asserted proves that (i) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to a bona fide dispute, and (iii) the claimant obtained payment of the instrument, the following subsections apply.
 "(b) . . . [T]he claim is discharged if the person against whom the claim is asserted proves that the instrument . . . contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim."
(Emphasis supplied.) In holding that a jury issue existed concerning the good-faith-tender requirement, the Court of Civil Appeals stated:
 "Without determining whether Meztista met his burden of showing that there was an accord and satisfaction, Hylton presented substantial evidence tending to show that Meztista had prevented her from reviewing the partnership books and that he did not return her telephone calls regarding questions she had about the accounting. From this evidence, a reasonable jury could determine that Meztista had not acted in good faith in paying Hylton what Meztista said was her share of the partnership's profits."
Hylton v. Meztista, 845 So.2d at 794. The Court of Civil Appeals has misconstrued the good-faith-tender requirement in § 7-3-311(a)(i).
The Court of Civil Appeals looked to evidence that Meztista had not discharged his good-faith obligations with regard to the underlying contract, i.e., the partnership agreement. While this Court has never before interpreted the statutory good-faith-tender requirement, we note that the examples of bad-faith tender in paragraph 4 of the Official Comment to § 7-3-311 focus on the offer of the accord, and not on any conduct relating to the underlying contract. Those examples are:
 "For example, suppose an insurer tenders a check in settlement of a claim for personal injury in an accident clearly covered by the insurance policy. The claimant is necessitous and the amount of the check is very small in relationship *Page 799 
to the extent of the injury and the amount recoverable under the policy. If the trier of fact determines that the insurer was taking unfair advantage of the claimant, an accord and satisfaction would not result from payment of the check because of the absence of good faith by the insurer in making the tender. Another example of lack of good faith is found in the practice of some business debtors in routinely printing full satisfaction language on their check stocks so that all or a large part of the debts of the debtor are paid by checks bearing the full satisfaction language, whether or not there is any dispute with the creditor. Under such a practice the claimant cannot be sure whether a tender in full satisfaction is or is not being made. Use of a check on which full satisfaction language was affixed routinely pursuant to such a business practice may prevent an accord and satisfaction on the ground that the check was not tendered in good faith under subsection (a)(i)."
(Emphasis supplied.) The Court of Civil Appeals erred in focusing on the conduct relating to the partnership, instead of on the offer of the accord. In reaching this conclusion, we find the reasoning of the Minnesota Supreme Court persuasive.
In Webb Business Promotions, Inc. v. American Electronics Entertainment Corp., 617 N.W.2d 67 (Minn. 2000), the Minnesota Supreme Court examined the good-faith-tender requirement of § 3-311 of the Uniform Commercial Code. After reviewing the language of that section and the comment to the section quoted above, the Minnesota Supreme Court stated:
 "Good faith is demonstrated when the party tendering the instrument offers a check with the intent to honestly enter into an accord and satisfaction while observing reasonable commercial standards of fair dealing. The focus of the good faith inquiry is on the offer of the accord, and not on the actions of the parties in performing the underlying contract."
617 N.W.2d at 73 (citation omitted). That Court went on to state:
 "Bad faith is not necessarily established by a failure to disclose facts about the underlying dispute that would have led to rejection of the offer of an accord. By accepting a certain sum of money to discharge a debt, the creditor waives a cause of action relating to the original debt. . . . Therefore, part of the consideration for the accord is the creditor's waiver of claims that may entitle it to more than what the debtor is offering in the accord. Once the creditor accepts the accord and performs the satisfaction, the validity of the accord and satisfaction may not be challenged unless the party challenging the accord can demonstrate that the elements of the accord and satisfaction have not been satisfied."
617 N.W.2d at 74. The reasoning of the Minnesota Supreme Court is sound; it is also consistent with § 7-3-311 and our precedent.
Meztista provided Hylton with an accounting; that accounting showed that Hylton was owed $17,617.84 from the partnership. Hylton questioned the accounting and asked to review the partnership's books. Knowing that Hylton disputed certain expenses in the accounting and that she wanted to review the books, Meztista tendered to Hylton a check in the amount the accounting showed was owed her. No evidence was presented indicating that the check was not tendered in good faith in an attempt to resolve the dispute over the amount payable to Hylton. Both parties are sophisticated business people, who were aware of their rights and of the nature of their dispute. The check clearly stated that it was "final payment/payment in full." Hylton accepted the offer of the *Page 800 
check as a full satisfaction by depositing the check, thereby precluding any further claim against Meztista or MMD.
For the foregoing reasons, we reverse the judgment of the Court of Civil Appeals, and we remand this case for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
Moore, C.J., and Houston, See, Lyons, Brown, Johnstone, Harwood, and Stuart, JJ., concur.