NOT RECOMMENDED FOR PUBLICATION
File Name: 06a0762n.06
Filed: October 12, 2006

No. 05-6251

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ROSS BROTHERS CONSTRUCTION CO.,
INC.,

       Plaintiff-Appellant,

v.

MARKWEST HYDROCARBON, INC.,

       Defendant-Appellee.

On Appeal from the United
States District Court for the Eastern
District of Kentucky

_____/

BEFORE:    MARTIN and RYAN, Circuit Judges; and MARBLEY, District Judge.[*]

    RYAN, Circuit Judge.    Ross Brothers Construction Co., Inc., appeals a district court decision awarding summary judgment to MarkWest Hydrocarbon, Inc., on a contract claim. The district court found that MarkWest was entitled to judgment as a matter of law on its defense of accord and satisfaction under Kentucky Revised Statute § 355.3-311. We **AFFIRM**.

**I.**

On November 3, 1999, Ross Brothers Construction contracted with MarkWest to upgrade MarkWest's natural gas processing facility in Siloam, Kentucky, for the price of $1,114,944. Over the course of the project, Ross Brothers performed work beyond that contemplated in the original contract. Due to time constraints, the parties agreed to

_____

[*]The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

"negotiate" and to fix a "hard dollar price" after the project was completed. When the work was finished, MarkWest paid Ross Brothers $100,000 on the understanding that more would be paid "pending the outcome of cost evaluation discussions planned for a later date." Ross Brothers determined that the total value of the additional work was approximately $1.2 million dollars, but MarkWest submitted its own estimate for the additional work, which was less than a third of this amount. The parties were unable to agree on a final figure and negotiations broke down.

Then, on July 10, 2000, MarkWest sent a letter to Ross Brothers and enclosed a check payable to Ross in the amount of $449,718, on which was typed "full and final payment." The letter stated, inter alia, that the check was "full and final payment." Before negotiating the check, Ross Brothers struck out the "full and final payment" language on the check and wrote "no/under protest." MarkWest refused to make further payment, and on October 26, 2001, Ross Brothers filed suit in Kentucky State Court for breach of contract, seeking an additional $734,281.79.

The case was removed by MarkWest to the United States District Court for the Eastern District of Kentucky under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332. MarkWest then filed a motion for summary judgment on February 14, 2002, arguing that Ross Brothers' negotiation of the check bearing the restrictive endorsement "full and final payment" resulted in an accord and satisfaction of the claim. Ross Brothers challenged this motion, and the motion was denied by the district court on June 3, 2002. Almost three years later, on May 6, 2005, after lengthy discovery was completed, MarkWest filed another motion for summary judgment on the same theory as the first: accord and satisfaction. The district court granted this second motion, after finding that, as matter of

law, the Kentucky requirements for a defense of accord and satisfaction had been met. In granting MarkWest's motion for summary judgment, the district court found that there was no genuine issue of material fact as to whether the "payment was tendered in good faith in full satisfaction of the . . . claim," "the amount of the claim was unliquidated or the subject of a bona fide dispute," and "the Plaintiff obtained payment of the instrument."

The district court also found both the check and the accompanying letter "'contained a conspicuous statement . . . that the instrument was tendered as full satisfaction of the claim'" and that Ross Brothers knew a reasonable time ahead of negotiating the instrument that it was "in full satisfaction of the claim." (Citation omitted.) For this reason, the court noted an accord and satisfaction was appropriate under either Ky. Rev. Stat. Ann. §§ 355.3-311(2) or 355.3-311(4). Ross Brothers filed a Fed. R. Civ. P. 59 motion with the district court to amend this judgment, but the motion was denied. Ross Brothers has appealed.

## II.

We review a district court's grant of summary judgment de novo. Kalamazoo Acquisitions, LLC v. Westfield Ins. Co., 395 F.3d 338, 341 (6th Cir. 2005). Under the Erie Doctrine, a federal court sitting in diversity applies the law of the state in which it sits. Davis v. Sears, Roebuck and Co., 873 F.2d 888, 892 (6th Cir. 1989). In this case, therefore, the substantive law of Kentucky applies.

Kentucky law sets out several conditions for an accord and satisfaction.

(1)     If a person against whom a claim is asserted proves that:

      (a)     That person in good faith tendered an instrument to the claimant as full satisfaction of the claim;

(b)   The amount of the claim was unliquidated or subject to a bona fide dispute; and

(c)   The claimant obtained payment of the instrument[.]

Ky. Rev. Stat. Ann. § 355.3-311(1).  If these conditions are met:

the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim.

Ky. Rev. Stat. Ann. § 355.3-311(2).  Alternatively, the claim can be discharged:

if the person against whom the claim is asserted proves that within a reasonable time before collection of the instrument was initiated, the claimant, or an agent of the claimant having direct responsibility with respect to the disputed obligation, knew that the instrument was tendered in full satisfaction of the claim.

Ky. Rev. Stat. Ann. § 355.3-311(4).

### III.

Ross Brothers argues that the district court committed several errors that require vacating its decision.  First, Ross Brothers claims that the district court applied too narrow an interpretation of case law because it did not consider the "facts surrounding . . . performance of the underlying contract" when it considered "good faith."  Ross Brothers argues that the entire contractual relationship between the parties was rife with bad faith acts and omissions by MarkWest, and that such bad faith extended to the tender of the check in an amount substantially less than the disputed claim.  This argument, however, is without merit.  We note, first of all, that the statute itself requires only that the person claiming the defense show that he "in good faith tendered an instrument to the claimant as full satisfaction of the claim," not that good faith be shown throughout the course of the contract.  Ky. Rev. Stat. Ann. § 355.3-311(1)(a).  Further, in Kentucky, "good faith" is

defined to "mean[] honesty in fact <u>in the conduct or transaction concerned</u>." Ky. Rev. Stat. Ann. § 355.1-201(19) (emphasis added). <u>See</u> <u>Star Bank, Kenton County, Inc. v. Parnell</u>, 992 S.W.2d 189, 192 (Ky. Ct. App. 1998). Clearly, the "transaction concerned" in section 355.3-311(1)(a) is the tender, not the overall contract.

Other states with similar statutes have also limited the "good faith" requirement to the actual tender. <u>See</u> <u>Ex parte Meztista</u>, 845 So.2d 795 (Ala. 2001) (interpreting Ala. Code 1975 § 7-3-311(a)); and <u>Webb Bus. Promotions, Inc. v. Am. Electronics & Entm't Corp.</u>, 617 N.W.2d 67 (Minn. 2000) (interpreting Minn. Stat. Ann. § 336.3-311(a)). As we read Kentucky law, a tender made in good faith to settle a dispute should not be denied legal status as an accord and satisfaction simply because earlier in the contractual proceedings the tendering party may not have acted in good faith.

Second, Ross Brothers argues that the district court should not have excluded the proposed expert opinion testimony of David Boggs. Ross Brothers admits that Boggs offered opinion testimony on the ultimate issue in the case, but argues that Fed. R. Evid. 704 "permits a witness to testify in the form of an opinion or inference to an 'ultimate issue to be decided by the trier of fact.'" But Ross Brothers focuses on the wrong rule of evidence. The district court did not exclude Boggs's opinion testimony on the theory that it violated Fed. R. Evid. 704; it was excluded because the testimony contained numerous conclusions of law rather than fact. For example, Boggs proposed to testify that "MarkWest's tender of partial payment of the invoiced amount[] was not made in good faith, [and] did not have a good faith basis." This is not a factual conclusion within the expert's competence; it is a legal conclusion. This circuit has held that a district judge has discretion—and the duty—to exclude "legal opinion" it deems improper, and this stands

independent of Fed. R. Evid. 704.  Stoler v. Penn Cent. Transp. Co., 583 F.2d 896, 899 (6th Cir. 1978).

Ross Brothers also claims there was no meeting of the minds for the tender because it was not clear what MarkWest was offering the "full and final payment" for and, in addition, that the district court invaded the province of the jury by holding that a bona fide or unliquidated dispute existed as to the amount owed.  But we hold that it is apparent from the check, the text of the accompanying letter, and from the fact that Ross Brothers struck out "full and final payment" on the check that the parties knew the check was tendered as full and final payment.  We agree with the district court's alternative findings.  The check and letter together contained the "conspicuous statement" required by Ky. Rev. Stat. Ann. § 355.3-311(2) and, in addition, Ross Brothers "knew that the instrument was tendered in full satisfaction of the claim," as required by Ky. Rev. Stat. Ann. § 355.3-311(4).  It is also clear that the debt was unliquidated, as the record shows that the Construction Change Requests were not a "hard dollar price" and the final price "could be higher or lower."

Finally, Ross Brothers argues that the district court improperly "looked at the evidence in a light most favorable to MarkWest."  Whether it did or did not is of no moment.  This court has reviewed Ross Brothers' claims de novo, considered the evidence in the light most favorable to Ross Brothers, and has concluded that summary judgment for MarkWest is appropriate under the defense of accord and satisfaction in Kentucky.

**IV.**

For the above reasons, we **AFFIRM** the district court's judgment granting summary judgment to MarkWest.